1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    EPIFANO MATOS-LUCHI,

4        Petitioner,                                    Civil No. 11-2230 (JAF)

5        v.

6    UNITED STATES OF AMERICA

7        Respondent.

8

9                          **OPINION AND ORDER**

10       Petitioner brings this pro-se petition under 28 U.S.C. § 2255 for relief from

11   sentencing by a federal court, alleging that the sentence was imposed in violation of his

12   constitutional rights.  (Docket Nos. 1; 1-1.)  The Government opposes (Docket No. 3), and

13   Petitioner replies (Docket No. 6).

14                                   **I.**

15                          **Factual Background**

16       We draw the following narrative from the record of Petitioner's criminal case and

17   appeal, Petitioner's motion, the Government's response, and Petitioner's reply.  (Docket

18   Nos. 1; 3; 6.)  On May 12, 2007, the U.S. Coast Guard investigated a small boat, or "yola,"

19   about thirty to thirty-five miles off the coast of the Dominican Republic.  United States v.

20   Matos-Luchi, 627 F.3d 1, 2 (1st Cir. 2010).  Their investigation revealed that the yola had

21   been retrieving bales of cocaine dropped off by a low-flying plane.  Id.  When the yola

22   appeared to be experiencing engine problems, a Dominican Coast Guard cutter sailed out to

23   retrieve it and its three crewmembers—including Petitioner—at the request of U.S. Customs

24   officials.  Id.

Civil No. 11-2230 (JAF)                                                    -2-

1      Petitioner was indicted on two charges relating to his role in smuggling narcotics in

2   international waters.[1]  Count One charged Petitioner with conspiracy to possess with intent

3   to distribute 386 kilograms of cocaine on board a vessel subject to U.S. jurisdiction, in

4   violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70502(c)

5   (1)(A), 70503(a)(1), 70504(b)(1), and 70506(b).  (Crim. No. 07-208, Docket No. 14.)  Count

6   Two charged Petitioner with aiding and abetting the commission of Count One.  (Id.)  After

7   a five-day jury trial commencing on May 19, 2008, Petitioner was found guilty of both

8   counts. (Crim. No. 07-208, Docket Nos. 140; 149.)   After a sentencing hearing on

9   September 3, 2008, we sentenced Petitioner to 235 months' imprisonment.  (Crim. No. 07-

10  063, Docket Nos. 165; 166.)  On appeal, the First Circuit affirmed Petitioner's conviction

11  and sentence.  Matos-Luchi, 627 F.3d at 9.  Petitioner was represented by the same counsel,

12  Ricardo R. Morel, during trial and on direct appeal.  (Id. at 9.)  He filed the present habeas

13  petition on December 20, 2011.  (Docket No. 1.)

14                                              **II.**

15                          **Standard for Relief Under 28 U.S.C. § 2255**

16      A federal district court has jurisdiction to entertain a § 2255 petition when the

17  petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A

18  federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was

19  imposed in violation of the Constitution or laws of the United States."  Id.  The petitioner is

20  entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle

21  the petitioner to relief, or .  .   . are contradicted by the record, inherently incredible, or

22  conclusions rather than statements of fact."  United States v. Rodríguez Rodríguez, 929 F.2d

---

[1] The yola had no ensign, flag or registration tying it to any nation, and the crew declined to make a verbal claim of nationality during the interrogation.  On appeal, after an in-depth exploration, the First Circuit affirmed that the yola was a vessel without nationality within the meaning of the MDLEA.  Matos-Luchi, 627 F.3d at 3–7.

Civil No. 11-2230 (JAF)                                                                    -3-

1   747, 749–50 (1st Cir. 1991) (quoting <u>Dziurgot v. Luther</u>, 897 F.2d 1222, 1225 (1st Cir.

2   1990)); <u>see</u> 28 U.S.C. § 2255(b).

3                                               **III.**

4                                         <u>**Analysis**</u>

5          Because Petitioner appears pro se, we construe his pleadings more favorably than we

6   would those drafted by an attorney.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

7   Nevertheless, Petitioner's pro-se status does not excuse him from complying with

8   procedural and substantive law.  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).

9   Petitioner argues that his counsel was ineffective because he: 1) failed to request a

10  continuance to further search for a witness, a Dominican official; 2) did not request a

11  downward departure at sentencing based on the sentencing factors outlined in 18 U.S.C.

12  § 553(a); and 3) did not request a rehearing en banc or seek certiorari after the unsuccessful

13  direct appeal.  (Docket No. 1-1 at 1.)  We discuss each claim in turn and, for the reasons

14  outlined below, find that Petitioner is not entitled to § 2255 relief.

15         The Sixth Amendment "right to counsel is the right to the effective assistance of

16  counsel." <u>Strickland  v. Washington</u>, 466 U.S. 668, 686 (1984) (internal quotation marks

17  omitted); <u>see</u> U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of

18  counsel, Petitioner must show not only a deficient performance by trial counsel, "but also

19  that the deficient performance prejudiced the defense and deprived the defendant of a fair

20  trial."  <u>United States v. Manon</u>, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting <u>Strickland</u>, 466

21  U.S. at 687).

22         A Petitioner may satisfy the deficient performance prong by showing that the trial

23  counsel's representation "fell below an objective standard of reasonableness," a standard

24  that is informed by "prevailing professional norms."  <u>Peralta v. United States</u>, 597 F.3d 74,

Civil No. 11-2230 (JAF)                                                                                         -4-

1   79 (1st Cir. 2010) (quoting <u>Strickland</u>, 466 U.S. at 688).  Furthermore, Petitioner faces the

2   "strong presumption that counsel's conduct falls within the wide range of reasonable

3   professional assistance."  <u>Strickland</u>, 466 U.S. at 689.  Choices made by counsel that could

4   be considered part of a reasonable trial strategy rarely amount to deficient performance.  <u>Id.</u>

5   at 690.  A decision by counsel not to pursue "futile tactics" cannot be characterized as

6   deficient performance.  <u>Vieux v. Pepe</u>, 184 F.3d 59, 64 (1st Cir. 1999).

7   **A.    <u>Failure to Request a Continuance</u>**

8            Petitioner argues that he received ineffective assistance when his counsel failed to

9   request a continuance to search for a potential witness, Carmelo Matos-Rodríguez

10  ("Matos"), a Dominican official aboard the Dominican Coast Guard cutter that intercepted

11  the yola.  (Docket No. 1-1 at 10.)  As discussed on appeal, "the government apparently

12  attempted to secure [Matos'] presence at trial.  But the defendants incorrectly identified

13  Matos Rodriguez as a member of the 'Dominican Coast Guard' when he was in fact with the

14  Dominican equivalent of the Drug Enforcement Agency."  <u>Matos-Luchi</u>, 627 F.3d at 8.  By

15  the time "the error was discovered and Matos Rodriguez located, there was insufficient time

16  to get him the necessary documents to travel to the United States.  The defendants never

17  sought a continuance."  <u>Id.</u>  On direct appeal, Petitioner argued that "the government denied

18  them a fair trial by failing to produce [Matos,] the only witness allegedly in a position to

19  settle the identification issue;" now Petitioner blames his trial counsel.  (<u>Id.</u>)

20           Petitioner claims that Matos was familiarly acquainted with his codefendant, Manolo

21  Soto-Pérez.  (Docket No. 1-1 at 10.)  Petitioner argues Matos could have "shed light on the

22  fact that [the yola crew] are known fisherm[e]n throughout the water area where the offense

23  conduct took place."  (<u>Id.</u> at 11.)  Petitioner argues that this would have diminished the

24  weight of the government's evidence, but he offers no further details or elaboration as to the

1    nature of Matos' potential testimony or the dent, if any, it would have made in the

2    government's case.

3          Petitioner has produced no evidence that Matos' testimony would have helped his

4    defense.  Matos is an officer of the Dominican DEA, and he could have testified about the

5    positive "ion scans of cocaine residue on the skin and clothing of the defendants."  Matos-

6    Luchi, 627 F.3d at 8.  A criminal defendant is entitled only to "reasonably effective

7    assistance under the circumstances then obtaining."  Lema v. United States, 987 F.2d 48, 51

8    (1st Cir. 1993) (citation omitted).  Trial counsel made a strategic decision not to move for a

9    continuance to pursue a witness who would have been potentially marginally helpful—but

10   also potentially harmful to their defense.  See McVean v. United States, 88 Fed. Appx. 847,

11   849 (6th Cir. 2004) (internal quotation marks and citations omitted) ("McVean has not

12   presented anything to overcome the presumption that this decision constitutes sound trial

13   strategy.  Indeed, he concedes that a motion for a continuance would not have been taken

14   well by the district Court.").

15         More importantly, Petitioner has not shown how failure to request a continuance

16   resulted in prejudice.  In assessing the "prejudice suffered by a defendant as a result of his

17   counsel's alleged deficient performance, we must consider the 'totality of the evidence

18   before the judge or jury.'  A verdict 'only weakly supported by the record is more likely to

19   have been affected by errors than one with overwhelming record support.'"  United States v.

20   De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (quoting Strickland, 466 U.S. at 696)

21   (citations omitted).  Petitioner has not averred—and has produced no documentation—to

22   sustain his vague claim that Matos would have offered favorable testimony.  Even assuming

23   that Matos would have testified that he knew Petitioner's codefendant—not Petitioner

24   himself—to be a fisherman, Petitioner does not suggest how his testimony could have

1  changed the fact that defendants declined to make any verbal claim of the yola's nationality

2  during interrogation by the Coast Guard.[2]  Petitioner's vague allegations fail to demonstrate

3  prejudice.  See United States v. Rith, 171 Fed. App'x 228, 233 (10th Cir. 2006) ("Our

4  conclusion that his counsel's alleged professional errors did not prejudice [petitioner] also

5  disposes of his claim that his attorney was ineffective for not requesting a continuance.");

6  Alicea-Torres v. United States, 455 F. Supp. 2d 32, 46 (D.P.R. 2006) (internal quotations

7  and citations omitted) ("Since Petitioner fails to articulate what facts the additional

8  investigation or interviews would have uncovered, he cannot claim that he was prejudiced

9  from any alleged inaction by his attorney.").

10  **B.    <u>Sentencing Factors</u>**

11        Petitioner next argues that counsel's performance was deficient by failing to request a

12  downward departure during the sentencing phase under § 3553(a).[3]  We reject his argument

13  for lack of a factual basis.  Counsel did, in fact, move for downward departure based on the

14  § 3553(a) factors.    (Docket No. 159.)    And as the appellate court stated, this court

15  determined that "the defendants had offered no persuasive reason for a lower sentence."

16  Matos-Luchi, 627 F.3d at 9.  Furthermore, counsel also made additional arguments during

17  the sentencing hearing, and so we reject Petitioner's claim as ungrounded in reality.

---

[2] In light of the yola's lack of flag, ensign or registration, plus the defendants' refusal to verbally claim a nationality, we do not see how Matos' potential testimony could have created "a reasonable probability that . . . the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  As the majority opinion on appeal held, the "controlling question [was] whether at the point at which the authorities confront the vessel, it bears the insignia or papers of a national vessel or its master is prepared to make an affirmative and sustainable claim of nationality."  Matos-Luchi, 627 F.3d at 6 (emphasis added).

[3] Specifically, Petitioner argues that his counsel should have sought a downward departure because he did not lie on the witness stand like his codefendants.  (Docket No. 1-1 at 14.)  Petitioner argues that he received the same sentence as his codefendants, and that his counsel's failure to seek a departure for his honesty prejudiced him.  Based on the trial transcript, however, it appears that Petitioner did not testify at all.

Civil No. 11-2230 (JAF)                                                                    -7-

1    **C.    Further Appellate Review**

2            Finally, Petitioner argues that his appellate counsel was ineffective in failing to

3    request further appellate review, arguing that he "could have . . . pursued further review"

4    such as a rehearing en banc or certiorari.  (Docket No. 1-1 at 18.)  We reject this argument.

5    Claims of ineffective assistance of appellate counsel are also measured under the Strickland

6    standard.  Smith v. Robbins, 528 U.S. 259, 285 (2000).  Appellate counsel need not "raise

7    every non-frivolous claim, but rather selects among them to maximize the likelihood of

8    success on the merits." Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002).

9            First, Petitioner does not even aver that he actually requested further appellate

10   review.  Second, Petitioner had "no federal constitutional right to counsel when pursuing a

11   discretionary appeal on direct review of his conviction," Pennsylvania v. Finley, 481 U.S.

12   551, 555 n.4 (1987), and even if he did, appellate counsel would not be deemed "objectively

13   unreasonable" in making the strategic choice not to seek a rehearing en banc for review of

14   his rejected arguments.  Robbins, 528 U.S. at 285 (2000).  Third, Petitioner had no right to

15   certiorari.  Finally, we note that to the extent that Petitioner wants us to consider his

16   multitudinous arguments regarding the meaning of the word "aboard," the appellate court

17   has already decided the issue, and "issues decided on direct appeal may not be relitigated

18   under a different label on collateral review." United States v. Michaud, 925 F.2d 37, 41 (1st

19   Cir. 1991) (citing Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984)).

20                                              **IV.**

21                                  **Certificate of Appealability**

22           In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

23   we deny § 2255 relief we must concurrently determine whether to issue a certificate of

24   appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a

1  constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must

2  demonstrate that reasonable jurists would find the district court's assessment of the

3  constitutional claims debatable or wrong."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003)

4  (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  We see no way in which a

5  reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or

6  wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to Rule of

7  Appellate Procedure 22.

8                                                                    **V.**

9                                                               <u>**Conclusion**</u>

10      For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket

11  No. 1).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary

12  dismissal is in order because it plainly appears from the record that Petitioner is not entitled

13  to § 2255 relief in this court.

14      **IT IS SO ORDERED**.

15      San Juan, Puerto Rico, this 21st day of May, 2012.

16                                                                s/José Antonio Fusté
17                                                                JOSE ANTONIO FUSTE
18                                                                U.S. District Judge
19