UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EPIFANO MATOS-LUCHI,

  Petitioner,

  v.

UNITED STATES OF AMERICA

  Respondent.

Civil No. 11-2230 (JAF)

**OPINION AND ORDER**

Petitioner brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket Nos. 1; 1-1.) The Government opposes (Docket No. 3), and Petitioner replies (Docket No. 6).

**I.**

**Factual Background**

We draw the following narrative from the record of Petitioner's criminal case and appeal, Petitioner's motion, the Government's response, and Petitioner's reply. (Docket Nos. 1; 3; 6.) On May 12, 2007, the U.S. Coast Guard investigated a small boat, or "yola," about thirty to thirty-five miles off the coast of the Dominican Republic. United States v. Matos-Luchi, 627 F.3d 1, 2 (1st Cir. 2010). Their investigation revealed that the yola had been retrieving bales of cocaine dropped off by a low-flying plane. Id. When the yola appeared to be experiencing engine problems, a Dominican Coast Guard cutter sailed out to retrieve it and its three crewmembers—including Petitioner—at the request of U.S. Customs officials. Id.

Civil No. 11-2230 (JAF)                                                                                              -2-

Petitioner was indicted on two charges relating to his role in smuggling narcotics in international waters.[1] Count One charged Petitioner with conspiracy to possess with intent to distribute 386 kilograms of cocaine on board a vessel subject to U.S. jurisdiction, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(1), and 70506(b). (Crim. No. 07-208, Docket No. 14.) Count Two charged Petitioner with aiding and abetting the commission of Count One. (Id.) After a five-day jury trial commencing on May 19, 2008, Petitioner was found guilty of both counts. (Crim. No. 07-208, Docket Nos. 140; 149.) After a sentencing hearing on September 3, 2008, we sentenced Petitioner to 235 months' imprisonment. (Crim. No. 07-063, Docket Nos. 165; 166.) On appeal, the First Circuit affirmed Petitioner's conviction and sentence. Matos-Luchi, 627 F.3d at 9. Petitioner was represented by the same counsel, Ricardo R. Morel, during trial and on direct appeal. (Id. at 9.) He filed the present habeas petition on December 20, 2011. (Docket No. 1.)

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." United States v. Rodríguez Rodríguez, 929 F.2d

---

[1] The yola had no ensign, flag or registration tying it to any nation, and the crew declined to make a verbal claim of nationality during the interrogation. On appeal, after an in-depth exploration, the First Circuit affirmed that the yola was a vessel without nationality within the meaning of the MDLEA. Matos-Luchi, 627 F.3d at 3–7.

747, 749–50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Petitioner argues that his counsel was ineffective because he: 1) failed to request a continuance to further search for a witness, a Dominican official; 2) did not request a downward departure at sentencing based on the sentencing factors outlined in 18 U.S.C. § 553(a); and 3) did not request a rehearing en banc or seek certiorari after the unsuccessful direct appeal. (Docket No. 1-1 at 1.) We discuss each claim in turn and, for the reasons outlined below, find that Petitioner is not entitled to § 2255 relief.

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, Petitioner must show not only a deficient performance by trial counsel, "but also that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." United States v. Manon, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 687).

A Petitioner may satisfy the deficient performance prong by showing that the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Peralta v. United States, 597 F.3d 74,

79 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 688). Furthermore, Petitioner faces the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. Id. at 690. A decision by counsel not to pursue "futile tactics" cannot be characterized as deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

**A.**   **Failure to Request a Continuance**

Petitioner argues that he received ineffective assistance when his counsel failed to request a continuance to search for a potential witness, Carmelo Matos-Rodríguez ("Matos"), a Dominican official aboard the Dominican Coast Guard cutter that intercepted the yola. (Docket No. 1-1 at 10.) As discussed on appeal, "the government apparently attempted to secure [Matos'] presence at trial. But the defendants incorrectly identified Matos Rodriguez as a member of the 'Dominican Coast Guard' when he was in fact with the Dominican equivalent of the Drug Enforcement Agency." Matos-Luchi, 627 F.3d at 8. By the time "the error was discovered and Matos Rodriguez located, there was insufficient time to get him the necessary documents to travel to the United States. The defendants never sought a continuance." Id. On direct appeal, Petitioner argued that "the government denied them a fair trial by failing to produce [Matos,] the only witness allegedly in a position to settle the identification issue;" now Petitioner blames his trial counsel. (Id.)

Petitioner claims that Matos was familiarly acquainted with his codefendant, Manolo Soto-Pérez. (Docket No. 1-1 at 10.) Petitioner argues Matos could have "shed light on the fact that [the yola crew] are known fisherm[e]n throughout the water area where the offense conduct took place." (Id. at 11.) Petitioner argues that this would have diminished the weight of the government's evidence, but he offers no further details or elaboration as to the

Civil No. 11-2230 (JAF) -5-

nature of Matos' potential testimony or the dent, if any, it would have made in the government's case.

Petitioner has produced no evidence that Matos' testimony would have helped his defense. Matos is an officer of the Dominican DEA, and he could have testified about the positive "ion scans of cocaine residue on the skin and clothing of the defendants." Matos-Luchi, 627 F.3d at 8. A criminal defendant is entitled only to "reasonably effective assistance under the circumstances then obtaining." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) (citation omitted). Trial counsel made a strategic decision not to move for a continuance to pursue a witness who would have been potentially marginally helpful—but also potentially harmful to their defense. See McVean v. United States, 88 Fed. Appx. 847, 849 (6th Cir. 2004) (internal quotation marks and citations omitted) ("McVean has not presented anything to overcome the presumption that this decision constitutes sound trial strategy. Indeed, he concedes that a motion for a continuance would not have been taken well by the district Court.").

More importantly, Petitioner has not shown how failure to request a continuance resulted in prejudice. In assessing the "prejudice suffered by a defendant as a result of his counsel's alleged deficient performance, we must consider the 'totality of the evidence before the judge or jury.' A verdict 'only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (quoting Strickland, 466 U.S. at 696) (citations omitted). Petitioner has not averred—and has produced no documentation—to sustain his vague claim that Matos would have offered favorable testimony. Even assuming that Matos would have testified that he knew Petitioner's codefendant—not Petitioner himself—to be a fisherman, Petitioner does not suggest how his testimony could have

changed the fact that defendants declined to make any verbal claim of the yola's nationality during interrogation by the Coast Guard.[2]  Petitioner's vague allegations fail to demonstrate prejudice.  See United States v. Rith, 171 Fed. App'x 228, 233 (10th Cir. 2006) ("Our conclusion that his counsel's alleged professional errors did not prejudice [petitioner] also disposes of his claim that his attorney was ineffective for not requesting a continuance."); Alicea-Torres v. United States, 455 F. Supp. 2d 32, 46 (D.P.R. 2006) (internal quotations and citations omitted) ("Since Petitioner fails to articulate what facts the additional investigation or interviews would have uncovered, he cannot claim that he was prejudiced from any alleged inaction by his attorney.").

**B.     Sentencing Factors**

Petitioner next argues that counsel's performance was deficient by failing to request a downward departure during the sentencing phase under § 3553(a).[3]  We reject his argument for lack of a factual basis.  Counsel did, in fact, move for downward departure based on the § 3553(a) factors.  (Docket No. 159.)  And as the appellate court stated, this court determined that "the defendants had offered no persuasive reason for a lower sentence." Matos-Luchi, 627 F.3d at 9.  Furthermore, counsel also made additional arguments during the sentencing hearing, and so we reject Petitioner's claim as ungrounded in reality.

---

[2] In light of the yola's lack of flag, ensign or registration, plus the defendants' refusal to verbally claim a nationality, we do not see how Matos' potential testimony could have created "a reasonable probability that . . . the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  As the majority opinion on appeal held, the "controlling question [was] whether at the point at which the authorities confront the vessel, it bears the insignia or papers of a national vessel or its master is prepared to make an affirmative and sustainable claim of nationality." Matos-Luchi, 627 F.3d at 6 (emphasis added).

[3] Specifically, Petitioner argues that his counsel should have sought a downward departure because he did not lie on the witness stand like his codefendants.  (Docket No. 1-1 at 14.)  Petitioner argues that he received the same sentence as his codefendants, and that his counsel's failure to seek a departure for his honesty prejudiced him.  Based on the trial transcript, however, it appears that Petitioner did not testify at all.

**C.      Further Appellate Review**

Finally, Petitioner argues that his appellate counsel was ineffective in failing to request further appellate review, arguing that he "could have . . . pursued further review" such as a rehearing en banc or certiorari. (Docket No. 1-1 at 18.) We reject this argument. Claims of ineffective assistance of appellate counsel are also measured under the Strickland standard. Smith v. Robbins, 528 U.S. 259, 285 (2000). Appellate counsel need not "raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits." Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002).

First, Petitioner does not even aver that he actually requested further appellate review. Second, Petitioner had "no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction," Pennsylvania v. Finley, 481 U.S. 551, 555 n.4 (1987), and even if he did, appellate counsel would not be deemed "objectively unreasonable" in making the strategic choice not to seek a rehearing en banc for review of his rejected arguments. Robbins, 528 U.S. at 285 (2000). Third, Petitioner had no right to certiorari. Finally, we note that to the extent that Petitioner wants us to consider his multitudinous arguments regarding the meaning of the word "aboard," the appellate court has already decided the issue, and "issues decided on direct appeal may not be relitigated under a different label on collateral review." United States v. Michaud, 925 F.2d 37, 41 (1st Cir. 1991) (citing Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984)).

**IV.**

**Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 21st day of May, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
U.S. District Judge